UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JOSHUA SMITH, | No. 2:21-cv-0420-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| OMONIYI AKINTOLA, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

### Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

### Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Screening Order

Plaintiff's complaint (ECF No. 7) alleges the following: On March 27, 2019, a notice was posted at the California Health Care Facility about possible exposure to Legionnaire's disease from the water at the prison. *Id.* at 4. Plaintiff was susceptible to exposure because of his work in the kitchen scullery amid hot steam, mist, and other water vapor. *Id.* On an unspecified date in

March of 2019, plaintiff submitted a sick call request stating that he suffered from emphysema, a rapid heartbeat, shortness of breath, and an occasional cough and fever. *Id.* at 3-4.  In response to plaintiff's request, defendant physician's assistant Omoniyi Akintola merely offered plaintiff a 325-milligram tablet of acetaminophen and otherwise refused to treat or examine plaintiff. *Id.* at 3-5.  Plaintiff submitted a second sick call request. *Id.* at 3.  The responding nurse referred plaintiff to a doctor. *Id.*  The doctor ordered that plaintiff be hospitalized, where it was determined that he had suffered a mild cardiac infarction due to hypertrophic cardiomyopathy along with respiratory issues requiring medical treatment. *Id.* at 4. Plaintiff asserts an Eighth Amendment deliberate indifference to medical needs claim and state law negligence/medical malpractice claim against Akintola. *Id.* at 3.

      Liberally construed, plaintiff's allegations are sufficient to state a potentially cognizable Eighth Amendment deliberate indifference to medical needs claim against defendant Akintola. However, plaintiff has failed to properly plead a state tort law claim of negligence.  The California Torts Claims Act ("Act") requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added).  When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007). Plaintiff's complaint is devoid of such allegations.

      For these reasons, plaintiff may either proceed only on the potentially cognizable Eighth Amendment claim against defendant Akintola or he may amend his complaint to attempt to cure the complaint's deficiencies.  Plaintiff is not obligated to amend his complaint.

<u>Leave to Amend</u>

      Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if

he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff is not obligated to file an amended complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF Nos. 2, 8) is GRANTED.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint alleges, for screening purposes, a potentially cognizable Eighth Amendment deliberate indifference to medical needs claim against defendant Akintola.
4. All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.
5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint. If

4

the former option is selected and returned, the court will enter an order directing service at that time.

6. Failure to comply with any part of this this order may result in dismissal of this action.

Dated:  April 5, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JOSHUA SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OMONIYI AKINTOLA,<br><br>　　　　　Defendant. | No. 2:21-cv-0420-JAM-EFB P<br><br><br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

　　(1)  _____   proceed only with the Eighth Amendment deliberate indifference to medical needs claim against defendant Akintola;

　　OR

　　(2)  _____   delay serving any defendant and file an amended complaint.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

Dated: