UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JOSHUA SMITH, | No. 2:21-cv-0420-JAM-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| OMONIYI AKINTOLA, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in this action brought under 42 U.S.C. § 1983. Plaintiff's amended complaint alleges that defendant, a physician's assistant at California Health Care Facility – Stockton, refused to treat plaintiff for chest pain and shortness of breath in March 2019. ECF No. 7. Plaintiff also alleges that defendant knew of an outbreak of Legionnaire's disease at the prison but "did nothing" for plaintiff. *Id.* He sues defendant in both his official and individual capacities for violation of his Eighth Amendment rights, seeking monetary damages and an injunction ordering "relief/transfer due to water contaminat[ion]" causing Legionnaire's disease. *Id.* at 5.

Defendant seeks dismissal of plaintiff's claims against him in his official capacity as barred by the 11th Amendment to the U.S. Constitution. The 11th Amendment bars § 1983 suits against a State unless the state has waived its sovereign immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). A suit against a state official in his or her official capacity is

1

treated as a suit against the State and is barred by the 11th Amendment. *Id*. at 71. However, suits against state officials in their official capacities seeking injunctive relief are not treated as against the State and thus are not barred. *Id*. at 71 n.10.

On the other hand, "[c]learly, under § 1983, a plaintiff may sue a state officer in his individual capacity for alleged wrongs committed by the officer in his official capacity." *Price v. Akaka*, 928 F.2d 824, 828-29 (9th Cir. 1990) (emphasis added). Thus, to determine whether a § 1983 suit for damages against a state official is barred by the 11th Amendment, a court must determine whether the plaintiff has sued the official in his or her official or individual capacity. In making that determination, the court looks to the basis of the claims asserted and the nature of relief sought, and not just the label applied by plaintiff. *Id*.; *see also Shoshone-Bannock Tribes v. Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994). A plaintiff's claim for damages against a defendant indicates that the defendant has been sued in his or her individual capacity. *Price*, 928 F.2d at 828.

Here, plaintiff wrote in his complaint that he intended to sue defendant in both his individual and official capacities. Because the state has not consented to the suit, plaintiff's claims against defendant in his official capacity seeking money damages are barred by the 11th Amendment and must be dismissed. Plaintiff's claims seeking money damages against defendant in his individual capacity remain to be adjudicated, as does plaintiff's request for injunctive relief against defendant in his individual and official capacities.

For the foregoing reasons, it is hereby RECOMMENDED that defendant's motion to dismiss (ECF No. 19) be granted in that plaintiff's claims for money damages against defendant in his official capacity be dismissed as barred by the 11th Amendment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 8, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE